# IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| **CONSOLIDATED RAIL CORPORATION** : | |
| : | |
| Plaintiff, : | |
| : | |
| **v.** : | Case 1:07-CV-01371-RMU |
| : | |
| **JOHN M. GRIBBIN** : | |
| : | |
| Defendant. : | |

## MOTION TO DISMISS

Defendant John M. Gribbin, through counsel, files this motion to dismiss and states as follows:

1. Litigation between the Plaintiff and Defendant originates in the Philadelphia Court of Common Pleas, where the Defendant, John Gribbin, instituted an action against Plaintiff here, Consolidated Rail Corporation (hereinafter "Conrail".) (*See* Mr. Gribbin's Complaint, attached hereto as Exhibit "A.")

2. Mr. Gribbin, was employed by Conrail through its predecessor in interest, the Erie Lackawanna Railroad Company (hereinafter "Erie Lackawanna"). Mr. Gribbin alleges that Conrail is liable pursuant to The Federal Employers' Liability Act ("FELA"), 45 U.S.C. §51, *et seq.* for negligently exposing Mr. Gribbin to asbestos during his employment. It is alleged that Conrail is liable as a successor to Erie Lackawanna for Mr. Gribbin's injury. As set forth in Conrail's Complaint for Declaratory Relief, certain rail properties of Erie Lackawanna were conveyed to Conrail, effective April 1, 1976.

-1-

3.  On July 27, 2007,   Plaintiff Consolidated Rail Corporation (hereinafter "Conrail")

filed this Complaint for Declaratory Relief, seeking, *inter alia*,

<ul>
<li>(a)     that this Court stay the Pennsylvania Action pending the<br>resolution of this action;</li>
<li>(b)     that this Court enter a final order declaring that Contrail has<br>no liability as a successor;</li>
<li>(c)     that this Court enjoin Defendant from seeking to hold<br>Conrail liable for any acts or omissions of Alleged<br>Predecessor;</li>
<li>(d)     that this Court grant Conrail such other relief as may be<br>appropriate.</li>
</ul>

4.  For the reasons set forth herein and in the attached Memorandum of Law, notably that

this Court lacks jurisdiction over the case,  Defendant respectfully request that this Court dismiss

Conrail's Complaint for Declaratory Relief and that this matter be permitted to proceed to trial as

scheduled in Philadelphia County.

WHEREFORE, Defendant respectfully request that this Honorable Court dismiss

Consolidated Rail Corporation's Complaint for Declaratory Relief.  A proposed order is

attached.

Respectfully submitted,

Dated: September 13, 2007                    /s/ Denis C. Mitchell
                                             Denis C. Mitchell, Bar No. MD26510
                                             STEIN MITCHELL & MEZINES
                                             1100 Connecticut Avenue, NW
                                             Suite 1100
                                             Washington, DC  20036
                                             202/737-7777
                                             dmitchell@steinmitchell.com

-2-

Of Counsel:

MOODY, STROPLE, KLOEPPEL & BASILONE, Inc.
Willard J. Moody, Jr. Esquire
500 Crawford Street
Commerce Bank Building
Portsmouth, Virginia 23705
(757) 393-6020

GLASSER AND GLASSER, P.L.C.
H. Seward Lawlor, Esquire
Kip A. Harbison, Esquire
Marc C. Greco, Esquire
Crown Center, Suite 600
580 East Main Street
Norfolk, Virginia  23510
(757) 625-6787
(757) 627-5908 (facsimile)

**<u>CERTIFICATE OF SERVICE</u>**

      I certify that the foregoing motion and memorandum were this 13th day of September, 2007 served electronically and by first class mail on counsel for the plaintiff:

> Laurence Z. Shiekman, Esquire
> Ken Massey, Esquire
> T. Joel Zuercher, Esquire
> PEPPER HAMILTON, LLP
> 3000 Two Logan Square
> Eighteenth and Arch Streets
> Philadelphia, PA 19103-2799
>
> Charles Carpenter, Esquire
> PEPPER HAMILTON, LLP
> 600 Fourteenth Street NW, St. 500
> Washington, DC 20005-2004
>
>
> /s/ Denis C. Mitchell_____
> Denis C. Mitchell

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| CONSOLIDATED RAIL CORPORATION | : |
| | : |
| Plaintiff, | : |
| | : |
| v. | :    Case  1:07-CV-01371-RMU |
| | : |
| JOHN M. GRIBBIN | : |
| | : |
| Defendant. | : |

MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF
DEFENDANT'S MOTION TO DISMISS

Conrail has filed this Declaratory Judgment Action against John Gribbin to determine one single point at issue in a separate state court lawsuit filed by Mr. Gribbin against Conrail in the Philadelphia County Court of Common Pleas.  That issue is successor liability.  For the reasons set forth below, Defendant respectfully request that this Declaratory Judgment Action be dismissed.

I.      THIS COURT LACKS ORIGINAL AND EXCLUSIVE JURISDICTION
        UNDER THE RAIL ACT

Conrail claims that this Court has original and exclusive jurisdiction over the underlying action pursuant to the Regional Rail Reorganization Act of 1973 ("Rail Act"), 45 U.S.C. § 701 *et seq.* (amended by the Northeast Rail Service Act of 1981 ("NRSA"), 45 U.S.C. § 1101 *et seq.*). The Special Court for the Regional Rail Reorganization Act, which previously exercised

-1-

exclusive jurisdiction over Rail Act suits, rejected Conrail's position in a consolidated proceeding to determine the effect of the Rail Act and NRSA on asbestos-injury claims by 13 former employees of Conrail's predecessor railroads. *Consolidated Rail Corp. v. Reading Co.*, 654 F. Supp. 1318 (S.C.R.R.A. 1987). Conrail was wrong then, and Conrail is wrong today.

In *Consolidated Rail Corp. v. Reading Co.*, the consolidated suits at issue were "personal injury suits commenced by various longtime railroad employees, or their representatives, in federal and state courts under the Federal Employer's Liability Act ('FELA'), 45 U.S.C. § 51 *et seq.,* in which damages are sought for injuries or death allegedly sustained as a result of exposure to asbestos while employed by the bankrupt railroads which transferred the bulk of their rail properties to Conrail and others pursuant to section 303(b) of the Rail Act." *Id.* at 1320, 1321. Nine of the claims were brought against Conrail by former employees of Erie Lackawanna, like Mr. Gribbin, for asbestos injuries that stemmed from their employment with Erie Lackawanna. *Id.* at 1321. A three judge panel for the Special Court decided that the Rail Act does not govern personal injury claims against Conrail filed by former employees of the predecessor railroads for latent injuries sustained prior to the creation of Conrail. *Id.* at 1329 and at 1330, 1331.

The Special Court explained that, with the exception of a temporary stop-gap measure not asserted in this matter, the Rail Act "simply did not address the issue of how the former employees of the bankrupt railroads were to seek redress for injuries sustained prior to the creation of Conrail." *Id.* at 1330, 1331. Likewise, "both NRSA and its legislative history are completely silent with respect to who should assume liability for claims for occupational injuries which did not manifest themselves until after the bankrupt railroads had been reorganized …" *Id.* at 1333. With regard to such silence, the Special Court found "no basis for inferring …

congressional intent" to affect "any available remedy from those workers who did not (and through no fault of their own could not) file identical claims until after their former employers had been discharged in bankruptcy." *Id.* at 1333. In short, the Rail Act simply does not affect latent injury claims arising out of employment by Conrail's predecessor railroads; and there is no question to be determined by this Court under the Rail Act.

In *Consolidated Rail Corp. v. Reading Co.*, Conrail argued that the Special Court had exclusive jurisdiction pursuant to § 209(e)(1) of the Rail Act. The Court rejected that argument. *Id.* at 1324. In this action, Conrail argues that the Court has exclusive jurisdiction pursuant to § 209(e)(2) of the Rail Act. Nevertheless, in *Consolidated Rail Corp. v. Reading Co.*, the Court also found that "[t]he other provisions of § 209(e) are inapplicable to these cases", referring to the asbestos injury cases brought by employees of Conrail's predecessors. *Id.*

The Rail Act Section 209(e)(2) grants jurisdiction over "any action … to interpret, alter, amend, modify, or implement any of the orders entered by such court pursuant to section 743(b) of this title in order to effect the purposes of this chapter or the goals of the final system plan." 45 U.S.C. § 719(e)(2). Conrail's Complaint for Declaratory Relief does not cite any orders whose interpretation would affect a former employee's right of action against Conrail for personal injuries. Instead, the Complaint for Declaratory Relief cites an order conveying assets to Conrail "'free and clear of any liens or encumbrances' under Section 303(b)(2) of the Rail Act, 45 U.S.C. § 743(b)(2)." Complaint for Declaratory Relief, paragraph 10. The terms "liens" and "encumbrances" are not synonymous with "right of action". Liens and encumbrances represent interests in particular assets; whereas, a right of action is a claim against a person for his conduct. Mr. Gribbin asserts a right of action for the negligent conduct of Conrail through

-3-

its predecessor, not a lien or encumbrance on an asset transferred to Conrail.  Thus, the transfer of assets "free and clear of any liens or encumbrances" does not affect his right of action against Conrail.

Conrail relies heavily upon an unpublished opinion, *Consolidated Rail Corp. v. Commonwealth of Pa. Dep't of Gen. Servs.*, No. 97-RR-01, slip op. at 2 (S.C.R.R.R.A. Mar. 24, 1997), attached as Exhibit A to Conrail's Memorandum.  Unlike *Consolidated Rail Corp. v. Reading Co.*, which contradicts Conrail's position, *Consolidated Rail Corp. v. Commonwealth of Pa. Dep't of Gen. Servs.* concerns liability associated with the conveyance of a particular piece of property, conveyed in accordance with the prior "Conveyance Order issued by [the Special] Court on March 25, 1976".  *Id.* at 2.  Conrail's successor liability was premised upon acts associated with the transfer of the property, such as conveyance statements and failure to include power lines in drawings, all of which was part of the transfer executed in accordance with the Court's prior order.  *Id.* at 4.  Conrail averred that it filed suit "to adjudicate the successor liability issue *since it involves interpretation of [the Court's] prior conveyance order* and the conveyancing documents executed in accordance with the final system plan."  *Id.* at 5 (emphasis added).  Thus, that case was precisely the kind of case specifically authorized by section 209(e)(2); i.e., an "action … to interpret, alter, amend, modify, or implement any of the orders entered by such court".  45 U.S.C. § 719(e)(2).

Mr. Gribbin's claim does not concern liability arising out of a particular piece of property conveyed by order to Conrail, nor does it concern any acts associated with conveyance of the property.  Thus, Mr. Gribbin's claim is clearly distinguishable from *Consolidated Rail Corp. v. Commonwealth of Pa. Dep't of Gen. Servs.*, upon which Conrail relies so heavily.  Rather, Mr.

-4-

Gribbin's claim is precisely the same as the consolidated asbestos-disease personal injury claims at issue in *Consolidated Rail Corp. v. Reading Co.*, in which the Special Court found no jurisdiction under the Rail Act.

## II.    THE DECLARATORY JUDGMENT ACT, 28 U.S.C. §§ 2201-2202 DOES NOT PROVIDE A BASIS FOR JURISDICTION

An action for declaratory judgment under 28 U.S.C. § 2201 requires a "case of actual controversy within its jurisdiction." 28 U.S.C. § 2201(a). Thus, it is not an independent basis for jurisdiction. Conrail cites the Rail Act as the underlying basis for federal question jurisdiction, but the Rail Act is inapplicable to this case. *Consolidated Rail Corp. v. Reading Co.*, 654 F. Supp. at 1324.

## III.    EVEN IF THERE WERE JURISDICTION, PLAINTIFF WOULD ASK THIS COURT TO EXERCISE ITS DISCRETION TO DECLINE JURISDICTION

Even if there were underlying jurisdiction, Plaintiff would respectfully ask that this Court exercise its discretion to not exercise jurisdiction. Where there is an existing state court proceeding, a district court asked to exercise jurisdiction over a declaratory judgment action is "under no compulsion to exercise that jurisdiction." *Brillhart v. Excess Insurance Co.*, 316 U.S. 491, 494, 62 S.Ct. 1173, 1175, 86 L.Ed. 1620 (1942). The decision in such circumstances is largely committed to the discretion of the district court. *Will v. Calvert*, 437 U.S. 655, 664, 98 S.Ct. 2552, 2558, 57 L.Ed.2d 504 (1978). Deference to the state court forum may be equally appropriate whether the case involves federal substantive law or state law. *Colorado River Water Conservation District v. U. S.*, 424 U.S. 800, 818, 96 S.Ct. 1236, 1246, 47 L.Ed.2d 483 (1976).

Relying upon *Colorado River*, this Court has determined whether to exercise such discretion based upon "the need to avoid wasteful or piecemeal litigation, the order in which jurisdiction was obtained by the concurrent forums, and the convenience of each forum to the parties." *Klingenberg v. Bobbin Publications*, 530 F. Supp. 173, 174 (D.D.C.1982).

The issue of Conrail's successor liability is undoubtedly better settled in Pennsylvania state court, under Pennsylvania law, and the factors above weigh heavily in favor of deference to the Pennsylvania state court proceeding. As to the first factor, Conrail's suit is, in its very essence, piecemeal litigation. Conrail asks this Court for a determination of only one of many issues before the Pennsylvania Court of Common Pleas. Conrail is a Pennsylvania Corporation. Because, as discussed above, the Rail Act is silent as to Conrail's liability as corporate successor, successor liability must be determined under Pennsylvania law. Pennsylvania Courts have well-developed case law on successor liability and are obviously well-equipped to apply that law.[1]

Second, jurisdiction was first obtained by the Pennsylvania Court of Common Pleas. Mr. Gribbin's choice of forum is protected by 28 U.S.C. § 1445(a), which prohibits removal of actions brought pursuant to FELA. Conrail's suit would circumvent and frustrate that protection. *Gates Const. Corp. v. Koschak*, 792 F. Supp. 334, 337 (S.D.N.Y., 1992). The Court in *Gates Const. Corp.* declined to exercise jurisdiction over a declaratory judgment action filed by a Jones Act employer against its Jones Act employee (who, under 46 U.S.C. § 688, is given the same

---

[1] Under Pennsylvania law, Conrail would be considered a mere continuation of Erie Lackawanna and subject to successor liability. While Pennsylvania's general rule is that a successor company does not acquire the liabilities of the transferring corporation merely because of a transfer of assets, "the general rule does not apply and liability attaches to the successor when . . . [t]he purchasing corporation is merely a continuation of the selling corporation." *See Childers v. Power Line Equipment Rentals, Inc.*, 681 A. 2d 106, 107 (Pa. Super. 1981).

protection afforded a railroad employee), finding the most important factor in its decision being the frustration of the employee's right to bring his personal injury suit in his choice of forum. *Id.*

Third, it would be far more convenient for the parties to resolve this issue in the Pennsylvania courts and decidedly inconvenient were it to be decided in the District of Columbia. Conrail was incorporated and resides in Pennsylvania, and the documents and witnesses relevant to corporate successorship are in Pennsylvania. Mr. Gribbin selected Pennsylvania, where he worked for Conrail, to file his lawsuit; and he is prepared to litigate all of his rights in that one forum. Mr. Gribbin is dying of mesothelioma, the injury for which he brought suit against Conrail. Conrail seeks a stay from this Court to delay his suit. For Mr. Gribbin, delay is more than an inconvenience; a delay likely robs him of the chance to see his case tried during his lifetime.

WHEREFORE, Defendant respectfully request that this Honorable Court dismiss Consolidated Rail Corporation's Complaint for Declaratory Relief. A proposed order is attached.

Respectfully submitted,

Dated: September 13, 2007

/s/ Denis C. Mitchell_____
Denis C. Mitchell, Bar No. MD26510
STEIN MITCHELL & MEZINES
1100 Connecticut Avenue, NW
Suite 1100
Washington, DC 20036
202/737-7777
dmitchell@steinmitchell.com

-7-

Of Counsel:

MOODY, STROPLE, KLOEPPEL & BASILONE, Inc.
Willard J. Moody, Jr. Esquire
500 Crawford Street
Commerce Bank Building
Portsmouth, Virginia 23705
(757) 393-6020

GLASSER AND GLASSER, P.L.C.
H. Seward Lawlor, Esquire
Kip A. Harbison, Esquire
Marc C. Greco, Esquire
Crown Center, Suite 600
580 East Main Street
Norfolk, Virginia  23510
(757) 625-6787
(757) 627-5908 (facsimile)

**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA**

---

| | | |
|---|---|---|
| **CONSOLIDATED RAIL CORPORATION** | **:** | |
| | **:** | |
| Plaintiff, | **:** | |
| | **:** | |
| **v.** | **:** | Case  1:07-CV-01371-RMU |
| | **:** | |
| **JOHN M. GRIBBIN** | **:** | |
| | **:** | |
| Defendant. | **:** | |

---

## <u>ORDER</u>

Upon consideration of defendant's motion to dismiss the complaint, any opposition

thereto, and the entire record in this matter, it is hereby

ORDERED that the motion is GRANTED; it is further

ORDERED that the plaintiff's complaint is dismissed with prejudice.


Dated: _____


_____
The Honorable Ricardo M. Urbina
United States District Court
 for the District of Columbia

<u>Copies to</u>:

Denis C. Mitchell
STEIN MITCHELL & MEZINES
1100 Connecticut Avenue NW
Suite 1100
Washington, DC 20036
<u>dmitchell@steinmitchell.com</u>

Willard J. Moody, Jr. Esquire
MOODY, STROPLE, KLOEPPEL & BASILONE, Inc.
500 Crawford Street
Commerce Bank Building
Portsmouth, Virginia 23705
(757) 393-6020

H. Seward Lawlor, Esquire
Kip A. Harbison, Esquire
Marc C. Greco, Esquire
GLASSER AND GLASSER, P.L.C.
Crown Center, Suite 600
580 East Main Street
Norfolk, Virginia  23510

Laurence Z. Shiekman, Esquire
Ken Massey, Esquire
T. Joel Zuercher, Esquire
PEPPER HAMILTON, LLP
3000 Two Logan Square
Eighteenth and Arch Streets
Philadelphia, PA 19103-2799

Charles Carpenter, Esquire
PEPPER HAMILTON, LLP
600 Fourteenth Street NW, St. 500
Washington, DC 20005-2004

# EXHIBIT A



THIS IS NOT AN ARBITRATION MATTER
ASSESSMENT OF DMAGES IS NOT REQUIRED
JURY TRIAL IS DEMANDED

COFFEY KAYE MYERS & OLLEY
BY:    MICHAEL J. OLLEY, ESQUIRE
IDENTIFICATION NO. 56118
Suite 718, Two Bala Plaza
Bala Cynwyd, PA  19004
(610) 668-9800
(610) 667-3352 (Fax)

**ATTEST**

JUN 2 0 2007

**J. COURTNEY**

Attorneys For: Plaintiff

JOHN M. GRIBBIN                            :
1685 Wicomico Lane                         :     **COURT OF COMMON PLEAS**
Virginia Beach, VA  23464                  :       **PHILADELPHIA COUNTY**
                                           :
        Plaintiff,                         :
                                           :
v.                                         :
                                           :
CONSOLIDATED RAIL CORPORATION,             :     **JUNE 2007**
A Pennsylvania Corporation, individually and :   TERM 2007    002320
as successor-in-interest to the Delaware,  :
Lackawanna & Western Railroad              :
2001 Market Street, 16th Floor             :     No.
Philadelphia, PA  19103                    :
                                           :     **JURY TRIAL DEMANDED**
                                           :
        Defendant                          :
                                           :
                                           :     JURY FEE PAID
                                           :
                                           :

__CIVIL ACTION: Negligence__
__2F - Personal Injury - FELA__

## NOTICE

You have been sued in court. If you wish to defend against the claims set forth in the following pages, you must take action within twenty (20) days after this complaint and notice are served, by entering a written appearance personally or by attorney and filing in writing with the court your defenses or objections to the claims set forth against you. You are warned that if you fail to do so the case may proceed without and a judgment may be entered against you by the court without further notice for any money claimed in the complaint or for any claim or relief requested by the plaintiff. You may lose money or property or other rights important to you.

**YOU SHOULD TAKE THIS PAPER TO YOUR LAWYER AT ONCE. IF YOU DO NOT HAVE OR KNOW A LAWYER, THEN YOU SHOULD GO TO OR TELEPHONE THE OFFICE SET FORTH BELOW TO FIND OUT WHERE YOU CAN GET LEGAL HELP:**

LAWYER REFERRAL SERVICE
THE PHILADELPHIA BAR ASSOCIATION
101 MARKET STREET, 11TH FLOOR
PHILADELPHIA, PA 19107
TELEPHONE: (215) 238-6300

2

## COMPLAINT

John M. Gribbin (hereinafter "Plaintiff"), an adult individual residing at 1685 Wicomico Lane, Virginia Beach, Virginia 23464, alleges the following counts alternatively and conjunctively in his Complaint against the Defendant:

1.   Defendant, CONSOLIDATED RAIL CORPORATION is organized and existing under the laws of the State of Pennsylvania, and at all relevant times, Defendant and/or its predecessors have and continue to do business within the State of Pennsylvania and the County of Philadelphia as a common carrier of interstate commerce and intrastate commerce and has engaged in interstate commerce and transportation for many years.

2.   Plaintiff worked as a pipefitter and sheetmetal worker for Defendant'ss predecessor from 1941 until 1943 and from 1946 until 1949 moving trains and in the rail yards where he would be exposed to, work with, and work around asbestos, asbestos containing products, silica, silica containing products, and coal dust in the performance of his duties in and around rail cars, moving trains, locomotives, locomotive boilers and their appurtenances, locomotive repair shops, and other shops and buildings in and around Scranton, Pennsylvania.

3.   Plaintiff's cause of action against Defendant arises under the Federal Employer's Liability Act, 45 U.S.C. Secs. 51-60, and the Federal Boiler Inspection Act, 49 U.S.C. Secs. 20701-20703 as amended and this Court has previously determined that jurisdiction and venue exists in this type of case.

4.   At the time of his injuries, Plaintiff's duties were in furtherance of interstate commerce, and the Plaintiff's work directly, closely and substantially affected the interstate commerce carried on by the Defendant and/or its predecessors.

5.   While engaged in the course of his employment with the Defendant and/or

3

Defendant'ss predecessors, the Plaintiff used and/or hauled asbestos and/or asbestos containing

materials, silica and/or silica containing materials and/or coal and/or worked around others who

used and/or hauled asbestos containing materials, silica and/or silica containing materials and/or

coal, which resulted in the Plaintiff's inhalation and/or ingestion of asbestos dust, silica dust

and/or coal dust.

      6.     While engaged in the course of his employment with the Defendant and/or

Defendant'ss predecessors, Plaintiff was required to work with and around toxic substances,

including but not limited to asbestos and/or materials containing asbestos; coal and/or coal dust;

and silica and/or materials containing silica.

      7.     While engaged in the course of his employment with the Defendant and/or

Defendant'ss predecessors, the Plaintiff was exposed to asbestos and/or asbestos containing

materials and/or asbestos dust and/or silica and/or silica containing materials and/or silica dust

and/or coal and/or coal dust resulting from the Plaintiff's use, hauling and/or working around

others who used and/or hauled asbestos and/or asbestos containing materials and/or silica and/or

silica containing materials and/or coal.

      8.     At all times, Plaintiff was unaware of the dangerous propensities of asbestos

and/or asbestos-containing materials, and/or silica and/or silica containing materials; and/or coal

and was unaware of the cause of his latent abnormal medical condition.

      9.     At all times material hereto, Defendant and Defendant'ss predecessors knew, or

should have known, that exposure to dust including but not limited to asbestos fibers and/or dust

and/or silica dust and/or coal dust was dangerous, toxic and potentially deadly.

      10.    At all times material hereto, Defendant and/or Defendant'ss predecessors knew,

or should have known, that Plaintiff would be exposed to the inhalation and/or ingestion of dust,

4

including but not limited to asbestos fibers and/or dust, and/or silica dust, and/or coal dust

resulting from the use of and/or handling of said products and/or said materials.

11.    Despite this knowledge, Defendant and/or Defendant'ss predecessors:

(a)    Failed to provide Plaintiff with a reasonably safe place to work;

(b)    Failed to furnish Plaintiff with safe and suitable tools and equipment including adequate protective masks and/or protective inhalation devices;

(c)    Failed to warn Plaintiff of the true nature and hazardous effects of asbestos containing products; silica and/or coal;

(d)    Failed to operate the locomotive repair facility in a safe and reasonable manner;

(e)    Failed to provide instructions or a method for the safe use of asbestos containing products and/or silica and/or coal;

(f)    Failed to provide adequate, if any, instructions in the use and/or removal of asbestos products and/or the use, loading and/or hauling of silica and/or coal;

(g)    Failed to test said products and/or materials prior to requiring employees to work with the same, to determine their ultra-hazardous nature;

(h)    Failed to formulate and use a method of handling said products and/or materials, exposing Plaintiff to high concentrations of asbestos dust and/or fibers and/or silica dust and/or coal dust;

(i)    Failed to provide Plaintiff with safe and proper ventilation systems in the locomotive repair facility;

(j)    Allowed unsafe practices to become the standard practice;

5

(k)    Failed to exercise reasonable care in publishing and enforcing a safety plan and method of handling asbestos-containing products;

(l)    Failed to inquire of the suppliers of asbestos and/or silica and/or coal of the hazardous nature(s) of asbestos, silica and/or coal;

(m)    Required employees to work with ultra-hazardous products and/or materials;

(n)    Failed to exercise adequate, if any, care for the health and safety of employees, including the Plaintiff;

(o)    Failed to periodically test and examine Plaintiff to determine if he was subject to any ill effects of his exposure to said products and/or materials;

(p)    Failed to periodically inspect the shops, buildings, equipment, railroad cars, locomotives, boilers, and their appurtenances in order to ascertain any dust and/or fiber contamination;

(q)    Failed to limit access to areas where these products and/or materials were being used;

(r)    Failed to advise Plaintiff to shower before going home, failed to provide such shower facilities and failed to enforce the use of such facilities;

(s)    Failed to advise Plaintiff to have his clothing and belongings cleaned outside of the home, failed to provide such cleaning services and failed to enforce the use of such services;

(t)    Failed to provide Plaintiff with a separate locker for clothing worn home to prevent such clothing from becoming contaminated with dust, including but not

6

limited to asbestos fibers and/or dust and/or silica dust and/or coal dust from clothing worn at work;

      (u)    Failed to test such products and/or materials prior to use by Defendant and/or Defendant's predecessors employees.

12.    The Defendant and/or Defendant's predecessors failed to comply with the provisions and requirements of the Federal Employer's Liability Act, 45 U.S.C. Secs. 51-60, as amended.

13.    The Defendant and/or its predecessors, through Defendant's agents, servants and employees, violated the Locomotive Boiler Inspection Act, 49 U.S.C. Secs. 20701-20703, as amended, and Defendant and/or Defendant's predecessors failed to provide Plaintiff with a locomotive and its appurtenances, which were in a proper and safe condition, and safe to work on or around.

14.    As a direct and proximate result of the above negligence and statutory violations of the Defendant and/or Defendant's predecessors, Plaintiff was caused to contract asbestos-caused diseases and/or injuries. Plaintiff neither knew of nor should have known of his injuries more than three years from the date of the filing of this complaint.

15.    As a direct and proximate result of the negligence and/or statutory violations described above, Plaintiff has suffered and will continue to suffer throughout the remainder of his life, great pain, extreme nervousness and mental anguish, and will continue to suffer fright and fear of his impending death. Plaintiff knows that his illness is permanent in nature and that he will be forced to suffer from the same for the remainder of his life; Plaintiff has been obliged to spend various sums of money for treatment and he will be obliged to continue to do so in the future. Plaintiff has sustained a loss of earnings and earning capacity, and his ability to render

services, society, affection, counseling and support to his family has been diminished, his life expectancy has been shortened and his enjoyment of life has been impaired. As a direct result of the negligence and/or statutory violations described above, Plaintiff suffers from extreme nervousness, mental anxiety and fear of progression of his asbestos-caused diseases and/or injuries. In addition, because of his asbestos-caused diseases and/or injuries, the Plaintiff now has an increased risk of contracting other cancers and/or conditions.

WHEREFORE, Plaintiff has been damaged and claims damages of the Defendant, jointly and severally, in an amount in excess of FIFTY THOUSAND DOLLARS ($50,000.00), together with interest and costs of this proceeding as well as other such relief as may be appropriate under the circumstances. **This amount does not require submission to arbitration.**

COFFEY, KAYE, MYERS & OLLEY, ATTORNEYS AT LAW

BY: _____
Michael J. Olley, Esquire
*Attorney for Plaintiff*

COFFEY, KAYE, MYERS & OLLEY, ATTORNEYS AT LAW
Two Bala Plaza
Suite 718
Bala Cynwyd, PA 19014
(610) 668-9800
Firm # (610) 667-3352 (FAX)

Willard J. Moody, Jr., Esq.
John Hall, Esq.
Moody, Strople, Kloeppel & Basilone, Inc.
500 Crawford Street
Commerce Bank Bldg.
P.O. Box 1138
Portsmouth, Virginia 23705
(757) 393-6020

8

(757) 399-3019 (facsimile)

H. Seward Lawlor, Esq.
John F. Conley, Esq.
Kip A. Harbison, Esq.
Glasser and Glasser, P.L.C.
Crown Center, Suite 600
580 East Main Street
Norfolk, Virginia 23510
(757) 625-6787
(757) 627-5908 (facsimile)

9

**VERIFICATION**

COMMONWEALTH OF PENNSYLVANIA

COUNTY OF PHILADELPHIA

I, John M. Gribbin, being party to the instant action, state that the foregoing averments are true and correct based upon my personal knowledge or information and belief and that the facts contained therein are subject to the penalties of 18 Pa. C.S. §4904 relating to unsworn falsifications to authorities.

_John M. Gribbin_
Plaintiff

10