IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| **CONSOLIDATED RAIL CORPORATION** | : | |
| Plaintiff, | : | |
| v. | : | Case 1:07-CV-01371-RMU |
| **JOHN M. GRIBBIN** | : | |
| Defendant. | : | |

MEMORANDUM OF LAW IN OPPOSITION TO
CONRAIL'S MOTION FOR RECONSIDERATION

There is no error in the Court's Memorandum Opinion, and Mr. Gribbin respectfully asks the Court to deny any relief sought in Conrail's Motion for Reconsideration.

**I. Conrail fails to demonstrate grounds to revisit the Court's Memorandum Opinion.**

Conrail fails to give the Court reason to revisit its well-reasoned opinion, which was written with the benefit of two prior memoranda filed by Conrail. Conrail's suggestion that "the Court's analysis of § 303(b) misses the crux" is simply wrong. (Conrail Mem. at 6). The Court rightly concluded that the Rail Act does not address liability for preconveyance asbestos exposure, and that conclusion was reached after the parties had a full opportunity to brief all authority they found relevant.

Conrail criticizes the Court for finding persuasive authority in the language of the Rail Act § 303(b), which Conrail laments "none of the parties had the opportunity to brief." (Conrail Mem. in Supp. of Mot. for Recon., at 8). On the contrary, the Rail Act § 303(b) was cited by Conrail in its own complaint, then argued in Mr. Gribbin's memorandum, and cited again by Conrail in its own memorandum in opposition. (Complaint for Dec. Relief, paragraph 10; Gribbin's Mem. at 3-4; Conrail's

Opp. to Gribbin's Mot. at 8). The Rail Act is the entire basis for Conrail's suit, and Conrail's claim of immunity from liability is based upon language in the Rail Act § 303(b).

The Court's Memorandum Opinion is consistent with the one controlling opinion cited to the Court regarding whether the Special Court has exclusive jurisdiction over preconveyance personal injury claims made against Conrail, such as Mr. Gribbin's claim. *Consolidated Rail Corp. v. Reading Co.*, 654 F.Supp. 1318 (S.C.R.R.A. 1987). There is no error in a decision consistent with controlling authority.

**II. Conrail fails to demonstrate error in the Court's Memorandum Opinion.**

The Court's opinion is based in part upon the most relevant prior decision, *Reading, supra.* Like Mr. Gribbin's claim, *Reading* concerned whether the Rail Act grants exclusive jurisdiction over F.E.L.A. claims by Erie Lackawanna employees against Conrail for preconveyance asbestos exposure. The *Reading* court found that the Rail Act does not govern such claims. *Id.*, at 1329 and at 1330-1331. That Court explained that, except for a temporary stop gap measure inapplicable to Mr. Gribbin's claim, "Congress simply did not address the issue of how the former employees of the bankrupt railroads were to seek redress for injuries sustained prior to the creation of Conrail." *Id.*, at 1330-1331. Conrail's argument does not provide the Court with equally relevant authority.

As recognized in the Court's Memorandum Opinion, jurisdiction over interpretation of conveyance of assets free of "liens" and "encumbrances" does not extend to personal injury actions. (Memorandum Opinion, at 5). Rather than address the issue of personal injury actions directly, Conrail relies again upon opinions regarding claims arising out of conveyance of assets to Conrail. *Penn Central Corp. v. United States*, 862 F.Supp. 437 (Sp.Ct.R.R.R.A. 1994)(CERCLA action over conveyed property); *Pa. Dep't of Gen. Svcs.*, Conrail Op. Mem. Exhibit B (dispute over whether construction site was included in conveyance of properties to Conrail); *City of Philadelphia v. Consolidated Rail Corp.*,

C.A. No. 96-RR-01 (Sp.Ct.R.R.A. 1997)(dispute over obligation to maintain bridge conveyed to Conrail). The Court has correctly recognized that such cases do not control jurisdiction over Mr. Gribbin's claim.

Conrail cites two opinions which concerned preconveyance personal injury claims; but, significantly, those opinions did not concern Conrail's liability or jurisdiction over Conrail's liability. *Schweitzer v. Consolidated Rail Corp*., 65 B.R. 794 (E.D.Pa. 1986); *Zulkowski v. Consolidated Rail Corp*., 852 F.2d 73 (3d Cir. 1988). At issue in each opinion was whether Reading Corp. or CJI Industries, the reorganized successors to the bankrupt predecessor rail lines, were absolved of liability for preconveyance personal injury claims. *Schweitzer, supra* at 939; *Zulkowski, supra* at 74. Moreover, the *Zulkowski* court factually distinguished the history of the conveyance of the Erie Lackawanna rail line from the history of the conveyance of the Central Railroad of New Jersey rail line. *Id*. at 78, 79. The court concluded that the outcome with regard to transfer of liabilities was different because "Erie Lackawanna is clearly distinguishable from this case." *Id*. at 78. Neither case concerned the question of exclusive jurisdiction under the Rail Act. Thus, neither case is sufficient grounds for disregarding *Reading*, which involved claims by Mr. Gribbin's coworkers at Eire Lackawanna; and neither case is reason for this Court to find error in following that authority.

Conrail cites as authoritative only one case in which Conrail's liability to a preconveyance employee was at issue. That case was decided by the District Court for the Northern District of Ohio. *Howard v. Penn Central Transportation Co*., 87 F.R.D. 342 (N.D. Ohio 1980). Conrail's recognition of the authority of the Ohio court, which was not granted jurisdiction under the Rail Act, is hardly persuasive support for the Conrail's argument that this Court has exclusive jurisdiction over such suits.

Conrail's reliance upon *United States Fidelity & Guaranty Co. v. Di Massa*, 497 F.Supp. 71 (E.D. Pa. 1980) underscores Conrail's lack of relevant authority for calling this Court in error. *Di Massa* concerned a lawsuit by USF&G, an insurer who provided a bond benefitting a predecessor railroad, filed against the principals of a shipper, who had endorsed an indemnity agreement indemnifying USF&G. *Id.*,

at 72. One of the principals filed a third-party complaint against numerous parties, one being Conrail. *Id.* Thus, *DiMassa* and Conrail's suit against Mr. Gribbin hardly "ring with one accord." (Memorandum Opinion, at 8). In *DiMassa,* all of the third-party complaints were dismissed on the grounds of statute of limitations, which was the "principal basis" upon which the motions to dismiss were based. *Id.,* at 73, 75. Conrail fails to explain why the Court should disregard *Reading* and this Court's sound analysis of *Reading* in favor of language provided merely as additional reasoning in *DiMassa*.

WHEREFORE, Mr. Gribbin respectfully asks this Court to find that there was no error in its Memorandum Opinion and, further, to deny relief sought by Conrail in its Motion for Reconsideration.

Respectfully submitted,

Dated: April 24, 2008

/s/ Denis C. Mitchell_____
Denis C. Mitchell, Bar No. MD26510
STEIN MITCHELL & MEZINES
1100 Connecticut Avenue, NW
Suite 1100
Washington, DC  20036
202/737-7777
dmitchell@steinmitchell.com

Of Counsel:

MOODY, STROPLE, KLOEPPEL & BASILONE
Willard J. Moody, Jr. Esquire
500 Crawford Street
Commerce Bank Building
Portsmouth, Virginia 23705
(757) 393-6020

GLASSER AND GLASSER, P.L.C.
H. Seward Lawlor, Esquire
Kip A. Harbison, Esquire
Marc C. Greco, Esquire
Crown Center, Suite 600
580 East Main Street
Norfolk, Virginia  23510
(757) 625-6787

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| **CONSOLIDATED RAIL CORPORATION** : <br> : <br> Plaintiff, : <br> : <br> v. : <br> : <br> **JOHN M. GRIBBIN** : <br> : <br> Defendant. : | Case 1:07-CV-01371-RMU |

## **ORDER**

Upon consideration of plaintiff's motion for reconsideration of the Memorandum Opinion Granting the Defendant's Motion To Dismiss, defendant's opposition thereto, and the entire record in this matter, it is hereby

ORDERED that the motion is DENIED.

Dated: _____

_____
The Honorable Ricardo M. Urbina
United States District Court
  for the District of Columbia

Copies to:

Denis C. Mitchell
STEIN MITCHELL & MEZINES
1100 Connecticut Avenue NW
Suite 1100
Washington, DC 20036
dmitchell@steinmitchell.com

Willard J. Moody, Jr. Esquire
MOODY, STROPLE, KLOEPPEL & BASILONE, Inc.
500 Crawford Street
Commerce Bank Building
Portsmouth, Virginia 23705
(757) 393-6020

H. Seward Lawlor, Esquire
Kip A. Harbison, Esquire
Marc C. Greco, Esquire
GLASSER AND GLASSER, P.L.C.
Crown Center, Suite 600
580 East Main Street
Norfolk, Virginia  23510

Laurence Z. Shiekman, Esquire
Ken Massey, Esquire
T. Joel Zuercher, Esquire
PEPPER HAMILTON, LLP
3000 Two Logan Square
Eighteenth and Arch Streets
Philadelphia, PA 19103-2799

Charles Carpenter, Esquire
PEPPER HAMILTON, LLP
600 Fourteenth Street NW, St. 500
Washington, DC 20005-2004