**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

|  |  |  |  |
|---|---|---|---|
| CONSOLIDATED RAIL CORPORATION, | : | | |
| | : | | |
| Plaintiff, | : | Civil Action No.: | 07-1370 (RMU) |
| | : | | |
| v. | : | Document No.: | 23 |
| | : | | |
| GERARD A. RITTER and SUSAN R. NOREK *ex rel.* GERARD H. RITTER, deceased, | : | | |
| | : | | |
| Defendants. | : | | |

|  |  |  |  |
|---|---|---|---|
| CONSOLIDATED RAIL CORPORATION, | : | | |
| | : | | |
| Plaintiff, | : | Civil Action No.: | 07-1371 (RMU) |
| | : | | |
| v. | : | Document No.: | 14 |
| | : | | |
| JOHN M. GRIBBIN, | : | | |
| | : | | |
| Defendant. | : | | |

### MEMORANDUM OPINION

**GRANTING THE PLAINTIFF'S MOTIONS FOR RECONSIDERATION**

### I. INTRODUCTION

The plaintiff, Consolidated Rail Corporation ("Conrail"), seeks declaratory relief proscribing successor liability for personal injury claims stemming from conduct prior to its formation. The defendants, who currently have personal injury claims pending in Pennsylvania state court, are former employees of Erie Lackawanna – a railroad company whose assets were transferred to Conrail pursuant to the Regional Rail Reorganization Act of 1973 ("Rail Act"), 45 U.S.C. §§ 701 *et seq.*, as amended by the Northeast Rail Service Act of 1981 ("NRSA"), 45

U.S.C. §§ 1101 *et seq.*  On March 27, 2008, the court granted the defendants' motions to dismiss for lack of jurisdiction, prompting Conrail to file motions for reconsideration.  The defendants, relying almost exclusively on *Consolidated Rail Corp. v. Reading Co.*, 654 F. Supp. 1318 (Sp. Ct. R.R.R.A. 1987) argue that the court properly dismissed the suit.  Although the court in *Reading* determined that it did not have jurisdiction under the Rail Act to grant the relief Conrail sought, the reasoning in *Reading* does not apply here.  Therefore, this case has not reached its terminus and must proceed full steam ahead.

## II.  FACTUAL & PROCEDURAL BACKGROUND

Congress established Conrail under the Rail Act of 1973 to revitalize the rail industry by creating "an economically viable system capable of providing adequate and efficient rail service."  45 U.S.C. § 701(b).  In so doing, Congress, in conjunction with the Special Court constituted under the Rail Act, transferred the assets from Erie Lackawanna and several other Northeast railroad companies to Conrail "free and clear of any liens or encumbrances."  Ritter Compl. ¶¶ 7-9 (quoting 45 U.S.C. § 743(b)(2)); Gribbin Compl. ¶¶ 8-10 (same).

The defendants allege that before the transfer and reorganization their former employer, Erie Lackawanna, negligently exposed them to asbestos in violation of the Federal Employers' Liability Act ("FELA"), 45 U.S.C. §§ 51 *et seq.*  Ritter Mot. to Dismiss ("Ritter Mot."), Ex. A; Gribbin Mot. to Dismiss ("Gribbin Mot."), Ex. A.  They, or their personal representatives, initiated suits in Pennsylvania state court against Conrail, as Erie Lackawanna's purported successor-in-interest, to recover for injuries or death that they contend resulted from their exposure to asbestos.  Ritter Compl. ¶¶ 4-5; Gribbin Compl. ¶¶ 4-5.

On July 27, 2007, while the defendants' FELA suits were proceeding in Pennsylvania state court, Conrail filed complaints in this court requesting declaratory relief to determine the scope of successor liability for personal injury claims under the Rail Act. Ritter Compl. ¶¶ 19-22; Gribbin Compl. ¶¶ 21-24. The defendants subsequently filed motions to dismiss, asserting that their personal injury claims do not fall within the protections of the Rail Act. On March 27, 2008, the court issued a memorandum opinion granting the defendants' motions to dismiss for lack of jurisdiction. Mem. Op. (Mar. 27, 2008). Conrail filed motions to reconsider that decision, and the court addresses its arguments as well as the defendants' responses below.

### III.  ANALYSIS

#### A.  Legal Standard for a Rule 59(e) Motion

Federal Rule of Civil Procedure 59(e) provides that a motion to alter or amend a judgment must be filed within 10 days of the entry of the judgment at issue. FED. R. CIV. P. 59(e); *see also Mashpee Wamponoag Tribal Council, Inc. v. Norton*, 336 F.3d 1094, 1098 (D.C. Cir. 2003) (stating that a Rule 59(e) motion "must be filed within 10 days of the challenged order, not including weekends, certain specified national holidays (including Christmas Day and New Year's Day), or any other day appointed as a holiday by the President"). While the court has considerable discretion in ruling on a Rule 59(e) motion, the reconsideration and amendment of a previous order is an unusual measure. *Firestone v. Firestone*, 76 F.3d 1205, 1208 (D.C. Cir. 1996) (per curiam); *McDowell v. Calderon*, 197 F.3d 1253, 1255 (9th Cir. 1999). Rule 59(e) motions "need not be granted unless the district court finds that there is an intervening change of controlling law, the availability of new evidence, or the need to correct a clear legal error or prevent manifest injustice." *Ciralsky v. Cent. Intelligence Agency*, 355 F.3d 661, 671 (D.C. Cir.

2004) (quoting *Firestone*, 76 F.3d at 1208). Moreover, "[a] Rule 59(e) motion to reconsider is not simply an opportunity to reargue facts and theories upon which a court has already ruled," *New York v. United States*, 880 F. Supp. 37, 38 (D.D.C. 1995), or a vehicle for presenting theories or arguments that could have been advanced earlier, *Kattan v. District of Columbia*, 995 F.2d 274, 276 (D.C. Cir. 1993); *W.C. & A.N. Miller Cos. v. United States*, 173 F.R.D. 1, 3 (D.D.C. 1997).

### B. The Court Grants the Plaintiff's Motions for Reconsideration

The Rail Act provides that "[t]he original and exclusive jurisdiction of [the District Court for the District of Columbia] shall include any action . . . to interpret, alter, amend, modify, or implement any of the orders entered by such court pursuant to [§ 743(b)] of this Act." 45 U.S.C. § 719(e)(2). On March 25, 1976, the Special Court created by the Rail Act issued a conveyance order transferring rail properties from various railroads to Conrail. Pl.'s Opp'n to Ritter Mot., Ex. A. Pursuant to § 743(b)(2), the Special Court transferred these properties "free and clear of any liens or encumbrances." 45 U.S.C. § 743(b)(2). Conrail asserts that § 719(e)(2) provides jurisdiction for the court to address its claims, and that § 743(b)(2) "is but part of a statutory scheme that should guide the Court in its exercise of that jurisdiction." Pl.'s Recons. Mot. at 6. In their token responses, the defendants, relying primarily on *Reading*, 654 F. Supp. at 1324-25, assert that "the Court's jurisdiction is circumscribed by the scope of the Conveyance Order." Ritter Opp'n at 1; Gribbin Opp'n at 2.

The parties' submissions relating to both the pending motions for reconsideration and the previous motions to dismiss suffer from the same confused strategy. In both sets of documents, the parties devote extensive research and argument to the merits of the dispute: whether the Rail Act precludes successor liability. Ritter Mot. at 7-8; Gribbin Mot. at 3-5; Pl.'s Opp'n to Ritter

Mot. at 9-11; Pl.'s Recons. Mot. at 8-11.  Indeed, the court noted in its March 27, 2008 memorandum opinion that the defendants did not dispute the court's "exclusive jurisdiction to interpret the conveyance order issued on March 25, 1976; they assert instead that the conveyance order is inapposite to their suit for damages stemming from the asbestos exposure."  Mem. Op. (Mar. 27, 2008) at 4.  But determining whether the conveyance order precludes successor liability for asbestos claims requires the court to interpret the liability provisions within that order.  *Id.* at 5-8; *cf. Hamilton v. AIG Life Ins. Co.*, 182 F. Supp. 2d 39, 48 n.8 (D.D.C. 2002) (noting that "courts have refused to interpret the phrase 'accidental means' in insurance plans to exclude coverage for deaths caused by an intentional act").  By addressing the parties' arguments on the scope of Conrail's successor liability under the Rail Act, the court prematurely undertook this interpretive task.  Mem. Op. (Mar. 27, 2008) at 5-8.

Further muddying the jurisdictional waters is the *Reading* case so heavily relied upon by the defendants.  As the court noted in its previous memorandum opinion, in *Reading*, as here, Conrail sought declaratory relief barring recovery for pre-conveyance asbestos exposure.  Mem. Op. (Mar. 27, 2008) at 7.  And after analyzing the Rail Act, the *Reading* court determined that it did not have jurisdiction.  *Reading*, 654 F. Supp. at 1324-25.  Not only did the facts in *Reading* appear analogous, but Conrail's efforts to distinguish *Reading* often missed the mark.  Pl.'s Opp'n to Mot. to Dismiss at 5; Pl.'s Recons. Mot. at 7 n.5.  This is because Conrail's arguments failed to address the *Reading* court's unequivocal holding that "[§ 719(e)(1)] does not confer jurisdiction over every suit requiring an interpretation of the Rail Act[, and] [t]he other provisions of [§ 719(e)] are inapplicable to these cases."  *Reading*, 654 F. Supp. at 1324.  But *Reading* is fundamentally different than the case at hand.  The *Reading* court interpreted the preemptive effect of § 797h(b), whereas the Conrail's claims call on this court to interpret the

5

conveyance order.  Mem. Op. (Mar. 27, 2008) at 7-8 (citing Pl.'s Opp'n to Mot. to Dismiss at 7).  Although § 719(e) does not address the court's jurisdiction to rule on Conrail's claims as framed before the court in *Reading*, § 719(e)(2) squarely addresses the court's jurisdiction to interpret the conveyance order.

Section 719(e)(2) broadly outlines this court's jurisdiction to hear claims that require interpretation of conveyance orders entered pursuant to § 743(b)(2).  45 U.S.C. § 719(e)(2).  And the conveyance order at issue in this case provides that "[t]he conveyance of all properties . . . shall be subject to all applicable terms and conditions of the Conveyance Documents, the Rail Act and this Order."  Pl.'s Opp'n to Ritter Mot., Ex. A at 10.  Thus, the court must interpret those provisions of the Rail Act such as § 743(b)(2) that govern the conveyance order at issue in this case.  *Conrail v. United States*, 883 F. Supp. 1565, 1571 (Sp. Ct. R.R.R.A. 1995) (determining that the court has jurisdiction under § 719(e)(2) to interpret conveyance orders).  Stated differently, the task of interpreting § 743(b)(2)'s "lien" and "encumbrance" language cannot be swallowed by an inquiry into the court's jurisdiction.  *See Ruhgas AG v. Marathon Oil Co.*, 526 U.S. 574, 577 (1999) (warning federal courts not to "hypothesize subject-matter jurisdiction for the purpose of deciding the merits").  Having filtered out the parties' premature arguments and distinguished the reasoning in *Reading*, it becomes clear that the court has jurisdiction over the Conrail's suit, and the court, therefore, grants the motions for reconsideration.

## IV.  CONCLUSION

For the foregoing reasons the court grants Conrail's motion for reconsideration. An Order consistent with this Memorandum Opinion is separately and contemporaneously filed this 7th day of January, 2009.

                                                                            RICARDO M. URBINA
                                                                            United States District Judge